**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LOCAL INTEREST, LLC, | |
| Plaintiff, | Civil Action No. 2:26-cv-00583 |
| v. | **JURY TRIAL DEMANDED** |
| ULTA SALON, COSMETICS & FRAGRANCE, INC. d/b/a ULTA BEAUTY, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Local Interest, LLC ("Local Interest" or "Plaintiff") files this Complaint against

Ulta Salon, Cosmetics & Fragrance, Inc. d/b/a Ulta Beauty ("Ulta" or "Defendant") alleging, based

on its own knowledge as to itself and its own actions, and based on information and belief as to all

other matters, as follows:

**NATURE OF THE ACTION**

1.     This is a patent infringement action for Defendant's infringement of the following

United States Patents (the "Asserted Patents"), issued by the United States Patent and Trademark

Office ("USPTO"):

| U.S. Patent No. | Available At |
|---|---|
| 1)   7,532,899 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7532899 |
| 2)   8,774,834 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8774834 |

2.     Local Interest seeks injunctive relief and monetary damages.

**PARTIES**

3.     Local Interest is a limited liability company formed under the laws of Texas with a

registered office address located at 512 W. Martin Luther King Jr. Blvd., Unit 281, Austin, TX,

78701 (Travis County).

4.     Defendant Ulta Salon, Cosmetics & Fragrance, Inc. is a corporation organized under the laws of Delaware, with its principal executive offices and headquarters located in Bolingbrook, Illinois.  Ulta operates under the name "Ulta Beauty."

5.     Ulta is registered to do business in Texas.  *See* TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/ at Filing No. 9449506 (last visited July 15, 2026).

6.     Ulta's registered agent in Texas is Prentice Hall Corporation System, located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

7.     This arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because it has maintained established and regular places of business in this District and has committed acts of patent infringement in this District.  *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

10.     On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and this District, including: (A) at least part of its infringing activities alleged herein, including its registration to do business in Texas, which purposefully avails the Defendant of the privilege of conducting those activities in this state and this District and, thus, submits itself to the jurisdiction of this Court; and (B) regularly doing or soliciting business, engaging in other persistent conduct targeting residents of Texas and this District, and/or

deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to and targeting Texas residents and residents of this District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, affiliates, and/or consumers.

11.    Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through its inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

12.    For example, Ulta operates in Texas under the name "Ulta Beauty." *See* TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/ at Filing No. 9449506 (last visited July 15, 2026). Ulta maintains a significant business presence in Texas where it operates retail stores and provides beauty products and services.  *See* https://www.ulta.com/stores.

13.    Upon information and belief and based upon public information, Defendant owns, operates, manages, conducts business, and directs and controls the operations of, and has employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities at the following addresses: 2400 Preston Rd Ste 300, Plano, TX 75093; 721 N Central Expy Ste 300, Plano, TX 75075; 3096 N Eastman Rd Ste 105, Longview, TX 75605. *See* https://www.ulta.com/stores.

14.    Defendant is engaging in activities, including but not limited to transacting business in this District and purposefully directing its business activities, including the installation, maintenance, and use of infringing products and other related technologies in this District, and the sale or offer for sale of services and goods in this District to aid, abet, or contribute to the

infringement of third parties in this District.

15.    Defendant commits acts of infringement in this District, including, but not limited to, selling, offering for sale, and using (including through testing) the Accused Products.

16.    Defendant commits acts of induced infringement in this District, including, but not limited to inducement of infringement by its parents, subsidiaries, partners, affiliates, and end-users to use the Accused Products.

17.    Defendant commits acts of contributory infringement in this District, including, but not limited to contributing to infringement by its parents, subsidiaries, partners, affiliates, and end-users through its use of the Accused Products.

18.    Such a corporate and commercial presence by Ulta furthers the development, design, manufacture, importation, distribution, and sale of Defendant's infringing products in Texas, including in this District.  Through utilization of its business segments and the direction and control of its subsidiaries and affiliates, Ulta has committed acts of direct and/or indirect patent infringement within Texas, this District, and elsewhere in the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Ulta would not offend traditional notions of fair play and substantial justice.

19.    On information and belief, Ulta also purposefully places infringing products and services in Texas and this District.  For example, Ulta provides its mobile application products and services, including the "Ulta Beauty: Makeup & Skincare" mobile application and the Ulta Beauty website accessed via mobile devices, for download, access, and use in Texas.  *See* https://www.ulta.com/stores (last visited July 15, 2026).  The Ulta Beauty App is available via digital distribution platforms operated by Apple Inc. and Google.  *See* https://apps.apple.com/us/app/ulta-beauty-makeup-skincare/id561930308,

https://play.google.com/store/apps/details?id=com.ulta&hl=en_US (last visited July 15, 2026).

20.    Based on Ulta's connections and relationship with its distributors, resellers, contractors, dealers, installers, local and U.S. based national retailers, store locations, and digital distribution platforms, Ulta knows that Texas is a termination point of the established distribution channel for the sale and use of the Ulta Beauty App and for access to the Ulta Beauty website by consumers in Texas.  Ulta, therefore, has purposefully directed its activities at Texas, and should reasonably anticipate being brought in this Court, at least on this basis.  *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 WL 1025467, at (E.D. Tex. 2009) (finding that "[a]s a result of contracting to manufacture products for sale in" national retailers' stores, the defendant "could have expected that it could be brought into court in the states where [the national retailers] are located").

21.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  As alleged herein, Ulta has committed acts of infringement in this District.  As further alleged herein, Ulta, via its own operations and employees located there, has a regular and established place of business, in this District.  Accordingly, Ulta may be sued in this District under 28 U.S.C. § 1400(b).

22.    Defendant has previously acknowledged a substantial business presence in the Eastern District of Texas. In *Lennon Image Technologies, LLC v. Ulta Beauty, Inc.*, No. 2:20-cv-00249-JRG-RSP, Dkt. No. 16, Answer ¶ 6, Ulta admitted that it "has places of business in the Eastern District of Texas" and, "for the purpose of this action only," that venue was proper in this District, and further admitted that it had customers in this District and that at least some of those customers purchased Ulta products here.[1]

---

[1] Defendant had been improperly named as Ulta Beauty, Inc.

## THE ACCUSED PRODUCTS

23.    Local Interest repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

24.    Ulta is headquartered in Bolingbrook, Illinois, and operates retail stores and digital channels through which it offers beauty products and services.

25.    On information and belief, a significant portion of the operating revenue of Defendant is derived from the Ulta Beauty App offered for use on iOS and Android devices and the Ulta Beauty website accessed via mobile devices (collectively, the "Accused Products").  *See, e.g.*, **Exhibits A–B** (Evidence of Use Regarding Infringement of the Asserted Patents); **Figures 1–2** (below).

26.    For example, the Ulta Beauty App is available on Google Play. The Ulta Beauty App has over 5 Million downloads and 200,000 reviews on Google Play.



**Figure 1**

27.    Similarly, the Ulta Beauty App is available on Apple's App Store.  The Ulta Beauty App has over 2.3 Million ratings on the Apple Store.



**Figure 2**

28.      Based upon public information, Defendant owns, operates, advertises, and/or controls at least the website https://www.ulta.com/ through which it advertises, sells, offers to sell, promotes, provides and/or educates customers about Ulta products, including the Accused Products. *See* https://www.ulta.com/.

29.      Based upon public information, Defendant, directly and/or through its agents and intermediaries, operates, advertises, and/or controls Ulta store locations throughout this District, including, at least, in Plano and Longview, through which it and/or its agents or employees use, advertise, provide, and/or educate third-parties, including but not limited to customers, about the Accused Products.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,532,899

30.      Local Interest repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

31.     The USPTO duly issued U.S. Patent No. 7,532,899 (hereinafter, the "'899 patent") on May 12, 2009, after full and fair examination of Application No. 10/984,618, which was filed on November 8, 2004.

32.     Local Interest owns all substantial rights, interest, and title in and to the '899 patent, including the sole and exclusive right to prosecute this action and enforce the '899 patent against infringers and to collect damages for all relevant times.

33.     Local Interest or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '899 patent.

34.     The claims of the '899 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components that improve upon the function and operation of location-based services in a wireless network.

35.     The written description of the '899 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

36.     Defendant has directly infringed the claims of the '899 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products, including at least the Ulta Beauty website accessed via a user's mobile device.

37.     Defendant has directly infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 4 of the '899 patent, as detailed in **Exhibit A** (Evidence of

Use Regarding Infringement of U.S. Patent No. 7,532,899).

38.     As just one example, as detailed in Exhibit A, Defendant, using the Accused Products and associated hardware and software and functionalities, including the Ulta Beauty website accessed via a user's mobile device, performs a method for providing wireless telecommunication services to mobile devices, the method comprising: receiving a command from a user's mobile device to locate points of interest near to a location of the user's mobile device, wherein each of the points of interest are associated with one of two or more different and user-identified point of interest categories; automatically determining the location of the user's mobile device; based at least in part on the determined location, automatically providing to the user's mobile device a list of points of interest, wherein the list substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories, and wherein the list of points of interest represent points of interest that are geographically closest to the location of the user's mobile device; receiving input from the user's mobile device; and providing a next-closer list of points of interest, wherein the next-closer list substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories that are geographically next closest to the location of the user's mobile device than points of interest in the list of points of interest.

39.     Defendant had knowledge of the '899 patent at least as of the date when it was notified of the filing of this action.

40.     Since gaining knowledge of the '899 patent, Defendant has also indirectly infringed one or more claims of the '899 patent by inducing others to directly infringe said claims. *See, e.g.,* Ex. A; https://www.ulta.com/.

41.     Defendant has induced end-users, including, but not limited to, Defendant's

employees, partners, contractors, customers, and/or potential customers, to directly infringe, either literally or under the doctrine of equivalents, the '899 patent by providing or requiring use of the Accused Products.

42.    Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '899 patent, including, for example, claim 4 of the '899 patent.

43.    Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customers on its website on how to use the Accused Products in an infringing manner.

44.    Defendant is performing these steps, which constitute induced infringement with the knowledge of the '899 patent and with the knowledge that the induced acts constitute infringement.

45.    Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '899 patent.

46.    Defendant's inducement is ongoing.  *See, e.g.*, Ex. A; https://www.ulta.com/.

47.    Since gaining knowledge of the '899 patent, Defendant has also indirectly infringed by contributing to the infringement of the '899 patent.

48.    Defendant has contributed to the direct infringement of the '899 patent by its personnel, contractors, and customers.

49.    The Accused Products have special features that are specially designed to be used in

an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '899 patent, including, for example, claim 4 of the '899 patent.

50.     The special features constitute a material part of the invention of one or more of the claims of the '899 patent and are not staple articles of commerce suitable for substantial non-infringing use.

51.     Defendant's contributory infringement is ongoing.   *See, e.g.*, Ex.   A; https://www.ulta.com/.

52.     Since gaining knowledge of the '899 patent, Defendant's direct infringement of one or more claims of the '899 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Local Interest's rights under the patent.

53.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Local Interest's patent rights.

54.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

55.     Local Interest has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Local Interest has and will continue to suffer this harm by virtue of Defendant's infringement of the '899 patent.  Defendant's actions have interfered with and will interfere with Local Interest's ability to license technology.  The balance of hardships favors Local Interest's ability to commercialize its own ideas and technology.  The public interest in allowing Local Interest to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

56.     Local Interest has been damaged as a result of the infringing conduct by Defendant

alleged above.  Thus, Defendant is liable to Local Interest in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II: <u>INFRINGEMENT OF U.S. PATENT NO. 8,774,834</u>

57.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

58.    The USPTO duly issued U.S. Patent No. 8,774,834 (hereinafter, the "'834 patent") on July 8, 2014, after full and fair examination of Application No. 13/690,704, which was filed on November 30, 2012.

59.    Local Interest owns all substantial rights, interest, and title in and to the '834 patent, including the sole and exclusive right to prosecute this action and enforce the '834 patent against infringers and to collect damages for all relevant times.

60.    Local Interest or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '834 patent.

61.    The claims of the '834 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of location-based services in a wireless network.

62.    The written description of the '834 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and

improved upon what may have been considered conventional or generic in the art at the time of the invention.

63.     Defendant has directly infringed the claims of the '834 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products, including at least the Ulta Beauty App.

64.     For example, Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '834 patent, as detailed in **Exhibit B** (Evidence of Use Regarding Infringement of U.S. Patent No. 8,774,834).

65.     As just one example of infringement, as detailed in Exhibit B, the Accused Products, including the Ulta Beauty App, perform a method for providing wireless telecommunication services, the method comprising: receiving, from a mobile device, a request to identify points of interest near a location of the mobile device, wherein the request comprises a plurality of letters; determining the location of the mobile device; determining a point of interest having a name comprising a first portion, the first portion comprising the plurality of letters; transmitting the name of the point of interest to the mobile device; receiving, from the mobile device, an indication of a selection of the name of the point of interest; determining point of interest data associated with the point of interest; and transmitting the point of interest data associated with the point of interest to the mobile device.

66.     Local Interest has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Local Interest in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

67.    Local Interest hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

68.    Local Interest requests that the Court find in its favor and against Defendant, and that the Court grant Local Interest the following relief:

a.    Judgment that one or more claims of the Asserted Patents have been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b.    A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patents by such entities;

c.    Judgment that Defendant account for and pay to Local Interest all damages to and costs incurred by Local Interest because of Defendant's infringement of the Asserted Patents and other conduct complained of herein;

d.    Judgment that Defendant's infringements be found willful as to the '899 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.    Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.    That this Court declare this an exceptional case and award Local Interest its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.   All other and further relief as the Court may deem just and proper under the circumstances.

Dated: July 15, 2026                          Respectfully submitted,

                                              By:/s/ C. Matthew Rozier

                                              C. Matthew Rozier (CO 46854) *
                                              **ROZIER HARDT MCDONOUGH PLLC**
                                              1001 Bannock Street, Suite 241
                                              Denver, CO 80204
                                              Telephone: (404) 779-5305
                                              Email: matt@rhmtrial.com

                                              Jonathan L. Hardt (TX 24039906) *
                                              **ROZIER HARDT MCDONOUGH PLLC**
                                              712 W. 14th Street, Suite A
                                              Austin, Texas 78701
                                              Telephone: (737) 295-0876
                                              Email: hardt@rhmtrial.com

                                              James F. McDonough, III (GA 117088) *
                                              **ROZIER HARDT MCDONOUGH PLLC**
                                              659 Auburn Avenue NE, Unit 254
                                              Atlanta, Georgia 30312
                                              Telephone: (404) 564-1866
                                              Email: jim@rhmtrial.com

               *Attorneys for Plaintiff LOCAL INTEREST, LLC*

                                              * Admitted to the Eastern District of Texas

**List of Exhibits**

   A.  Evidence of Use Regarding Infringement of U.S. Patent No. 7,532,899

   B.  Evidence of Use Regarding Infringement of U.S. Patent No. 8,774,834